Filed 9/30/25  P. v. Muniz CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B341318 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. KA072234 |
| LUIS MIGUEL MUNIZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jacqueline Lewis, Judge.  Dismissed.

A. William Bartz, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Luis Miguel Muniz appeals from the superior court's order denying a petition to recall his sentence and resentence him under Penal Code section 1172.1.[1]  Appellate counsel asks us to follow the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216.[2]  Because we conclude the superior court's order is not appealable, we dismiss the appeal.

## BACKGROUND

On January 22, 2007, a jury convicted Muniz of first degree murder of Gustavo Ramirez (§ 187, subd. (a); count 1), shooting from a motor vehicle (§ 12034, subd. (c);[3] count 2), attempted murder of Hector Escamilla (§§ 187, subd. (a), 664, subd. (a); count 3), and attempted murder of Carlos Molinar (§§ 187, subd. (a), 664, subd. (a); count 4).  As to each count, the jury found true firearm allegations for personal use, discharge, and discharge causing death or great bodily injury (§ 12022.53, subds. (b), (c), & (d)).

On February 14, 2007, the trial court sentenced Muniz to 114 years to life in state prison.[4]

---

[1]     All further undesignated statutory references are to the Penal Code.

[2]     The *Delgadillo* procedures apply to appeals for orders denying postconviction relief under section 1172.1.  (*People v. Rosemond* (2025) 108 Cal.App.5th 667, 673.)

[3]     On January 1, 2012, former section 12034, subdivision (c) was renumbered as section 26100, subdivision (c).

[4]     On June 19, 2020, the California Department of Corrections and Rehabilitation sent a letter to the superior court, noting that the abstract of judgment reflected an incorrect sentence of 100 years to life.  On March 20, 2024, the superior

On April 30, 2009, this court affirmed the conviction on direct appeal.[5]

On July 3, 2024, in pro per, Muniz filed a petition for resentencing.[6]  On September 3, 2024, the superior court summarily denied Muniz's petition.

Muniz appealed and we appointed counsel to represent him.  Counsel filed an opening brief stating this court should determine the appealability of Muniz's motion.  It notes that other courts have found similar orders nonappealable, citing *People v. Hodge* (2024) 107 Cal.App.5th 985, 995–999 (*Hodge*) and *People v. Faustinos* (2025) 109 Cal.App.5th 687, 695–700 (*Faustinos*).

In his opening brief, counsel also asserts that he "reviewed the entire case record" and "found no arguable issues to raise on appeal."  Counsel requested that we follow the procedures in

---

court amended the abstract of judgment to reflect the correct sentence.

[5]     *People v. Muniz* (Apr. 30, 2009, B197185) [nonpub. opn.].

[6]     This pleading was captioned as "motion to vacate conviction or sentence," "petition requesting to dismiss & vacate sentencing imposition of upper term to enhancement . . . SB 567 & PC 1170.03 amended into law," and "motion for relief due to discrimination" under section 745, subdivision (a).  Although the pleading refers to various unrelated statutes, its entire purpose appears to have been to request resentencing.  Muniz's opening brief states that this appeal addresses the superior court's order denying only his petition for resentencing pursuant to section 1172.1.

*Delgadillo* and exercise our discretion to conduct an independent review of the record. Counsel stated he had written to Muniz and advised him that he could submit a supplemental brief. Counsel also stated he would send a copy of his brief and the transcripts of the record on appeal to Muniz.

On August 20, 2025, Muniz filed a supplemental brief with this court.[7]

## DISCUSSION

Generally, a trial court cannot resentence once execution of the sentence has begun. (*People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082.) But section 1172.1 provides for a trial court to recall a sentence and resentence a defendant on its own motion within 120 days of commitment for any reason "rationally related to lawful sentencing." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 456 [discussing former § 1170, subd. (d)].) Or it may resentence on its own motion "at any time if the applicable sentencing laws at the time of the original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1).) A court may also resentence at any time at the recommendation of the Secretary of the Department of Corrections and Rehabilitation, the Board of Parole Hearings, a county correctional administrator, or the Attorney General. (*Ibid.*)

---

[7] Muniz's supplemental brief does not address his petition for resentencing. It appears to only allege third party culpability and false accusations by the investigating law enforcement agency. These issues are not properly before us for this appeal of the superior court's denial of Muniz's petition for resentencing.

A trial court's denial of the defendant's request to recall his sentence does not affect his substantial rights under section 1237, subdivision (b). (*Faustinos*, *supra*, 109 Cal.App.5th at p. 696; *Hodge*, *supra*, 107 Cal.App.5th at p. 999; *People v. Roy* (2025) 110 Cal.App.5th 991, 998 (*Roy*).) Section 1172.1 does not permit a defendant to file a petition seeking relief. (§ 1172.1, subd. (c).) A defendant who files "an unauthorized request for resentencing has no right to a ruling." (*Hodge*, at p. 996; *Roy*, at p. 998.) Section 1172.1 does not require that the court consider resentencing at a defendant's request or even respond to it. (§ 1172.1, subd. (c); *Faustinos*, at p. 696; *Hodge*, at p. 991; *Roy*, at p. 998.)

The superior court's postjudgment order is not appealable because it did not affect Muniz's substantial rights. (*Faustinos*, *supra*, 109 Cal.App.5th at p. 693; *Hodge*, *supra*, 107 Cal.App.5th at pp. 963, 999; *Roy*, *supra*, 110 Cal.App.5th at p. 1001.) We dismiss the appeal because there is no appealable order.

## DISPOSITION

We dismiss the appeal.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


HANASONO, J.


We concur:



EGERTON, Acting P. J.



ADAMS, J.